IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNIE BIRGE,

    PLAINTIFF,

v.                              CASE NO.:

CITY OF NICEVILLE,

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Ronnie Birge, (hereinafter referred to as the "Plaintiff" or "Birge"), by and through the undersigned counsel, sues the Defendant, City of Niceville. (hereinafter referred to as the "Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and retaliation in violation of his federally protected rights under Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203, and the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq., to correct unlawful employment practices and vindicate Plaintiff's rights to fair treatment and equal employment opportunities on the basis of service in the uniformed services.

1

## JURISDICTION AND VENUE

3. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203. and 38 U.S.C. § 4323 (b).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

6. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

7. Plaintiff is a member of the United States Air Force (USAF) and during his employment with the Defendant was a qualified employee engaged in the uniformed services. Defendant interfered with and retaliated against Plaintiff by refusing to accommodate his USAF schedule and thereafter terminated his employment for participating in the uniformed services.

8. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant

to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On January 10, 2022, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202232916) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D-2022-00316). On July 3, 2022, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was not received until October 13, 2022.

## PARTIES

9. Plaintiff a citizen of the State of Florida who resides in Okaloosa County, Florida.

10. Defendant, City of Niceville, is a political subdivision and city located in Okaloosa County, Florida.

## FACTS

11. Plaintiff is a 50-year-old Caucasian male.

12. At all times relevant during Plaintiff's employment with Defendant, he was an active-duty Lieutenant Colonel in the United States Air Force ("USAF").

13. On March 26, 2021, Plaintiff submitted an application to Defendant for part-time employment.

3

14. Plaintiff's first interview was at Turkey Creek Nature Trail Park office with Philip Spencer.

15. Mr. Spencer had a copy of Plaintiff's application printed out and simply asked him a few basic questions.

16. Mr. Spencer was informed at this time that Plaintiff was still on active duty with the USAF.

17. Plaintiff's second interview was in the HR office with both Danielle Holly and Mr. Spencer.

18. At both interviews it was clearly understood that Plaintiff was still on active-duty USAF and would not retire until 1 Feb 2022.

19. Plaintiff is disabled.

20. In 2019, Plaintiff had a stroke and as part of his rehabilitation, Plaintiff participated in a VA Brain Rehab Program.

21. It was further understood during these interviews that Plaintiff was unavailable to work mornings because of his VA rehab and active-duty status with the USAF.

22. Following these interviews, Plaintiff was hired for the position of Recreation Aide at the Park and he began his employment on April 30, 2021.

23. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner and was not the

subject of any disciplinary issues.

24. On October 8, 2021, Plaintiff informed Mr. Spencer and Ms. Holley (HR) that he would be unavailable from October 25, 2021 to November 29, 2021, because of his out of town participation in the VA rehabilitation program.

25. Mr. Spencer thereafter took Plaintiff off of the work schedule.

26. While Plaintiff was attending the VA brain rehab program, he attempted to keep Mr. Spencer and Ms. Holly updated about his progress and return availability.

27. Neither Mr. Spencer nor Ms. Holly ever returned Plaintiff's calls or acknowledged his text messages or e-mails.

28. While attending the VA Brain Rehab Program, Plaintiff was informed that his discharge date had been changed to November 18, 2021.

29. Plaintiff texted Mr. Spencer and asked if he could return to work on November 22, 2021.

30. Plaintiff never received a response and continued to reach out to Mr. Spencer about his return to work, however Plaintiff's communications went unanswered.

31. Once Plaintiff finally gained access to his city e-mail, he discovered an e-mail from Mr. Spencer setting his January 2022 schedule for Monday through Thursday, 5:00 a.m. - 10:00 a.m.

32. On November 19, 2021, Plaintiff went Defendant's office to see the schedule and realized he was not on it for November or December.

33. On November 21, 2021, Mr. Spencer called Plaintiff and told him he was now being scheduled to work the morning shift.

34. Plaintiff informed Mr. Spencer that his availability, due to him still being active duty with the USAF and in rehab, was still the same as when he was hired, and that he could only work the evening shifts.

35. Mr. Spencer would not change the schedule back to what it was before Plaintiff went out on medical leave for his disability rehabilitation.

36. Plaintiff continually requested an in-person meeting with both Philip Spencer and Danielle Holly to discuss his return to work and the e-mail setting his 2022 schedule.

37. None of his requests were ever acknowledged.

38. On December 20, 2021, Plaintiff received a text from Spencer saying that they no longer needed his services, due to his unavailability to work the morning shift.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 8 through 15 and 17 through 38 of this complaint with the same force

and effect as if set forth herein.

40. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

41. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

42. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

43. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

44. Plaintiff suffered from a stroke in 2019 and was undergoing neurological rehabilitation through the VA.

45. Plaintiff's neurological impairment is a disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

46. Upon learning of Plaintiff's need to attend neurological rehabilitation at the VA from October 25, 2021 to November 29, 2021, and requested

accommodation, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

47. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" nor did Defendant "explore potential accommodations" to overcome those limitations.

48. Defendant's termination and disqualification of Plaintiff's employment on December 20, 2021, just weeks after his rehabilitation stay with the VA, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

49. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

50. Defendant knowingly refused to accommodate Plaintiff when it knew that it had other positions (office or otherwise) available for which Plaintiff was qualified and could have been placed into.

51. The adverse personnel action, the termination of Plaintiff's

employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

52. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

53. Plaintiff repeats and re-alleges each allegation contained in paragraphs 8 through 15 and 17 through 38 of this complaint with the same force and effect as if set forth herein.

54. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

55. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

56. Defendant acknowledged and regarded Plaintiff as disabled

(perceived or otherwise) and as having an impairment.

57. When Plaintiff provided Defendant with sufficient information regarding disability and VA rehabilitation program and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

58. Plaintiff questioned and objected to Defendant's failure to reasonably discuss his accommodation requests.

59. Defendant's December 20, 2021, termination and disqualification of Plaintiff's employment was in retaliation for his seeking a good faith accommodation, him objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

60. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
*(Discrimination and Retaliation in Violation of 38 U.S.C. § 4311)*

61. Plaintiff restates and re-avers the allegations contained within Paragraphs 6 through 8; 9 through 18; 21 through 23 and 28 through 38 of the Complaint, as if fully set forth herein.

62. By and through, but not limited to, the events described above, Plaintiff was discriminated and retaliated against by Defendant on the basis of his military service with the United States Air Force (USAF).

63. Plaintiff alleges that Defendant failed to reinstate him to his regular evening schedule and thereafter terminated his employment in violation of USERRA.

64. Plaintiff gave Defendant advance notice of his active duty responsibilities and availability.

65. Defendant did not reinstate Plaintiff to his evening schedule knowing that he was active duty USAF violated USERRA, 38 U.S.C. § 4301 et seq.

66. As a direct and proximate result of Defendant's acts, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, inconvenience and other pecuniary losses.

67. Plaintiff has been injured by Defendant's violation of USERRA and is thereby entitled to recover lost wages and benefits in an amount to be determined as well as an equal amount in liquidated damages. Plaintiff is further entitled to recover his attorney fees and litigation expenses in prosecuting this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the ADA and USERRA;

b) Enjoining and permanently restraining those violations of the ADA and USERRA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and USERRA;

e) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the ADA and USERRA;

f) Awarding compensatory damages in the amount of the above-

requested award, pursuant to the ADA;

    g)    Liquidated damages pursuant to USERRA;

    h)    Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and USERRA;

    i)    Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

    j)    Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: January 10, 2023.    By: */s/ Clayton M. Connors*
    CLAYTON M. CONNORS
    Florida Bar No.: 0095553
    Email: cmc@westconlaw.com
    **THE LAW OFFICES OF**
    **CLAYTON M. CONNORS, PLLC.**
    4400 Bayou Blvd., Suite 32A
    Pensacola, Florida 32503
    Tel: (850) 473-0401
    Fax: (850) 473-1388
    Attorney for Plaintiff